**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5250-14T3
               A-5328-14T3

CHRISTOPHER JAREMA,

    Plaintiff-Appellant,

v.

MIDDLESEX COUNTY, MIDDLESEX COUNTY
SHERIFF'S OFFICE, and MILDRED S.
SCOTT, MIDDLESEX COUNTY SHERIFF,

    Defendants-Respondents.

_____

THOMAS VARGA,

    Plaintiff-Appellant,

v.

MIDDLESEX COUNTY, MIDDLESEX COUNTY
SHERIFF'S OFFICE, and MILDRED S.
SCOTT, MIDDLESEX COUNTY SHERIFF,

    Defendants-Respondents.

_____

        Argued November 1, 2017 — Decided August 16, 2018

        Before Judges Fuentes, Manahan and Suter.

        On appeal from Superior Court of New Jersey,
        Law Division, Somerset County, Docket Nos.
        L-1073-14 and L-1016-14.

Michael J. Confusione argued the cause for appellant Christopher Jarema (in A-5250-14) (Hegge & Confusione, LLC, attorneys; Michael J. Confusione, of counsel and on the brief).

Ronald A. Rosa argued the cause for appellant Thomas Varga (in A-5328-14) (Fuggi Law Firm, PC, attorneys; Ronald A. Rosa, on the brief).

Arthur R. Thibault, Jr., argued the cause for respondents (Apruzzese, McDermott, Mastro & Murphy, PC, and Kelso & Bradshaw (in A-5250-14) and Dvorak & Associates, LLC (in A-5328-14) attorneys; Arthur R. Thibault, Jr., and Patrick J. Bradshaw on the brief (in A-5250-14); Arthur R. Thibault, Jr., and Marc Mory, on the brief (in A-5328-14)).

PER CURIAM

After conducting a de novo review of the evidence presented, Judge Thomas C. Miller upheld Middlesex County Sheriff Mildred S. Scott's decision to terminate plaintiffs Christopher Jarema and Thomas Varga from their position as Sheriff's Investigators under N.J.S.A. 40A:9-117a. Judge Miller held plaintiffs were at-will employees who served at the pleasure of the Sheriff. The judge also found plaintiffs did not show their termination was arbitrary, capricious or unreasonable so as to be invidiously discriminatory.

Plaintiffs now appeal. We affirm substantially for the reasons expressed by Judge Miller.

In 2005, then Middlesex County Sheriff Joseph Spicuzzo hired plaintiff Christopher Jarema as a Sheriff's Investigator. Three years later, Spicuzzo hired plaintiff Thomas Varga to serve in this same capacity. On January 3, 2014, the Middlesex County Sheriff's Office (MCSO) filed administrative charges against both Varga and Jarema alleging that they, directly or through a third party acting on their behalf, bribed Spicuzzo to secure their positions. After conducting hearings on the charges for both Varga and Jarema, a Departmental Hearing Officer found sufficient evidence to support the charges and recommended that both Varga and Jarema be terminated. Sheriff Scott accepted the Hearing Officer's recommendation and terminated Varga's and Jarema's employment as Sheriff's Investigators effective January 3, 2014, on May 16, 2014, and June 11, 2014, respectively.

On June 30, 2014, Varga[1] filed an action in lieu of prerogative writs against defendants Middlesex County, the MCSO, and Sheriff Scott. On July 23, 2014, Jarema filed his own action in lieu of prerogative writs naming the same parties as defendants. Plaintiffs alleged that the decision to terminate their employment was arbitrary and capricious because the Hearing Officer's

---

[1] Varga filed an amended complaint on July 14, 2014.

decision was not based on credible, competent evidence. Plaintiffs also sought compensatory damages for wrongful termination based on common law retaliation contrary to a clear mandate of public policy under Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980). Varga included a separate count based on the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8, and alleged he was terminated in violation of the Attorney General Guidelines for Internal Affairs Investigations.

On August 27, 2014, defendants moved to dismiss plaintiffs' complaints for failure to state a claim upon which relief could be granted pursuant to Rule 4:6-2(e). The trial court consolidated these two cases with two other pending cases, filed by former Sheriff's Investigators, who were terminated based on the same allegations of corruption involving bribes to Spicuzzo.

Defendants argued that, as at-will employees, plaintiffs did not have a property interest in their positions as Sheriff's Investigators and consequently did not have a right to a de novo review of Sheriff Scott's decision to terminate their employment. Defendants also argued that plaintiffs were precluded from seeking relief under Pierce as a matter of public policy, because they had obtained their public positions through corruption and bribes. The same public policy precluded Varga's claims under CEPA. Finally, defendants argued that it did not matter whether

plaintiffs paid the bribes themselves. Sound public policy cannot countenance the procurement or retention of a public position through bribery, even if the holder of the position was unaware of the scheme.

On October 24, 2014, the court granted defendants' motion to dismiss in part and denied it in part. The court first found that as Sheriff's Investigators, plaintiffs were at-will employees pursuant to N.J.S.A. 40A:9-117a, and served solely at the pleasure of the Sheriff. The judge provided the following explanation in support of this ruling:

> In the present matter, akin to Golden[2] and Walsh[3], by the terms and conditions of [p]laintiff[s] employment as Sheriff's Investigator[s] as defined by N.J.S.A. 40A:9-117a, "all sheriff's investigators shall serve at the pleasure of the sheriff . . .[.]" As such, [p]laintiff[s] [are] at-will employee[s] who can be terminated for any reason. Thus, to permit [p]laintiff[s] to challenge [their] termination as arbitrary, capricious or unreasonable and seek judicial review by a "full *de novo* review" would be to confer a property interest upon [p]laintiff[s] to which [they are not] entitled and [do] not have, and undermine the Legislative mandate in enacting N.J.S.A. 40A:9-117a.
>
> Consistent with the Supreme Court's holding in Golden, this [c]ourt's review is limited to a circumstance where the Sheriff's action

---

[2]  Golden v. County of Union, 163 N.J. 420 (2000).

[3]  Walsh v. State of New Jersey, 290 N.J. Super. 1 (App. Div. 1996).

A-5250-14T3

is so arbitrary, capricious and unreasonable so as to be "invidiously discriminatory or contrary to some other law[.]" In effect, the standard of review for such matters is more narrow than just a determination of whether the action was arbitrary, capricious and unreasonable. On that basis, [p]laintiff[s] complaint[s] [have] generally plead a breach of that standard. On that basis, [p]laintiff[s] complaint[s] state[] a cause of action.

In a disciplinary appeal filed to challenge an official action such as this case before the [c]ourt, the only forum that exists for any remedy is with the [c]ourts. If the [d]efendant's position were accepted (that is that the Sheriff has total, complete discretion to terminate because the [p]laintiff[s] [are] [at-will] employee[s]) so that the [c]ourt must simply affirm the hearing officer's findings without any inquiry or review, then there would be no check upon the authority or actions of the local agency — in this case the Sheriff. While the [c]ourt acknowledges that the Sheriff's discretion is wide, it is not absolute.

Thus, despite recognizing the at-will nature of their employment, the motion judge declined to dismiss plaintiffs' complaints in their entirety. The judge viewed the Supreme Court's holding in Golden to limit his review to "circumstances where the Sheriff's action is so arbitrary and unreasonable so as to be 'invidiously discriminatory' or contrary to some other law." However, the judge also stated that plaintiffs had not offered any legal basis to support their request for a complete de novo hearing equivalent to a new trial. The motion judge ultimately applied a

6

level of review that requires the court to determine whether the Sheriff's decision to terminate plaintiffs' employment was so arbitrary, capricious or unreasonable so as to be invidiously discriminatory.

The judge dismissed plaintiffs' CEPA and Pierce claims with prejudice and reserved decision on whether the Sheriff was bound by the Attorney General Guidelines. The judge also stated that even if the Sheriff was bound by these Guidelines, he was still required to determine whether the violation constituted an arbitrary and capricious act.[4]

Thereafter, the trial court denied plaintiffs' motion to supplement the record and to compel discovery of the entire Spicuzzo criminal investigation file. The court restricted its review to the record relied on by Sheriff Scott to terminate plaintiffs' employment because the "purpose of the review is to determine whether the local body, board, or hearing officer made a decision that was based upon or supported by that record." This record is only supplemented when the party raises constitutional issues in the complaint. The court concluded that plaintiffs request was overly broad and appeared to be a mere "fishing expedition." Moreover, even if the discovery of the file would

---

[4] Varga did not appeal this part of the trial court's decision.

help plaintiffs prove other people should have also been charged in the bribery scheme, it would not alter the case against them.

On February 20, 2015, plaintiffs filed a motion for reconsideration of the October 24, 2014 decision establishing the standard of review. In denying the motion, the judge explained:

> The [p]laintiffs' position, if adopted, would undermine the very "[at-will]" nature of their employment. In the absence of invidious discrimination, the Sheriff is permitted to terminate "[at-will]" employees like the [p]laintiffs at her pleasure. In other words, she could terminate them for "any reason or no reason." In a sense, the Sheriff's real reason may be arbitrary, capricious or unreasonable. As long as her reason is not based upon "invidious" discrimination, however, the Sheriff has the authority to make that decision and her decision should survive challenge.

The court also denied Varga's motion seeking reconsideration of the order dismissing his CEPA claim. Judge Miller found the following facts from the record developed before the Hearing Officer.

II

## The Case Against Varga and Jarema

Spicuzzo hired Varga as a Sheriff's Investigator in November 2008. On October 28, 2010, the State Police interviewed Varga in connection with its investigation of then Sheriff Spicuzzo. The State Police investigation focused on a "jobs-for-cash scheme"

which appeared to determine hiring practices in the Sheriff's Office. Varga admitted to State Police investigators that he paid Spicuzzo $25,000 in cash for his position as a Sheriff's Investigator. On May 13, 2011, Varga testified before the Grand Jury empaneled to investigate allegations of corruption in the Sheriff's Office. Varga fully cooperated with the investigation. The Grand Jury transcript reflects that Varga admitted to paying Spicuzzo the money but claimed that the money was "also for training."

On October 11, 2013, Mercer County Assignment Judge Mary C. Jacobson entered an Order releasing the Grand Jury materials and the State's investigatory files of the Spicuzzo matter to the MCSO; this included Varga's testimony before the Grand Jury. On November 20, 2013, MCSO Undersheriff Kevin Harris was assigned to investigate "whether or not investigators paid former Sheriff Spicuzzo for employment . . . as Middlesex County Sheriff's Office Investigator." Relying on Grand Jury records provided by the Attorney General's Office, Harris concluded that Varga gave Spicuzzo $25,000 as a bribe to obtain his position as a Sheriff's Investigator. On January 3, 2014, Sheriff Scott suspended Varga

"indefinitely without pay" and charged him with bribery.[5] The Notice of Suspension Pending Termination also apprised Varga of his right to "a departmental hearing to contest the charges . . . and termination . . . ."

On January 3, 2014, Sheriff Scott sent Jarema a Notice of Suspension Pending Termination charging him with bribery, and immediately suspended him from his position as a Sheriff's Investigator without pay. Sheriff Scott provided the following basis for Jarema's suspension:

> The factual basis for the charges is that you engaged in unlawful activity by paying, or by having had paid on your behalf, a sum of money to . . . Spicuzzo, through an intermediary, namely Mr. Adam Tietchen to influence . . . Spicuzzo . . . to give you a job as an Investigator in the [MCSO], which payment was an unlawful bribe, and that you wrongfully proceeded to accept the offer of such employment . . . .

Sheriff Scott also apprised Jarema of his right to contest these charges at a departmental hearing.

On June 12, 2015, Judge Miller conducted a trial de novo based on the record developed before the Hearing Officer, and dismissed plaintiffs' complaints. Judge Miller memorialized his

---

[5]  Sheriff Scott charged Varga and Jarema with "bribery" as a disciplinary infraction to establish grounds for termination of employment.  However, "Bribery in Official and Political Matters" is also a second-degree criminal offense under N.J.S.A. 2C:27-2.

findings and explained the legal basis of his ruling in a comprehensive letter-opinion which we incorporate by reference here. Judge Miller accepted the Hearing Officer's findings that both Varga and Jarema obtained their positions as Sheriff's Investigators by bribing Spicuzzo. With respect to Jarema, Judge Miller found it was irrelevant that the bribe was paid through an intermediary. In short, there was overwhelming evidence to support Sheriff Scott's decision to terminate the employment of both Varga and Jarema.

Judge Miller also rejected plaintiffs' argument that Sheriff Scott violated the "45 day rule" of the Attorney General Internal Affairs Guidelines by failing to file charges against them within forty-five days of learning of a possible basis for discipline. Judge Miller found that Undersheriff Harris needed to have the complete file of the investigation and the Attorney General's record before the forty-five day period could begin. Harris did not receive this information until the end of November 2013. Sheriff Scott filed the charges against plaintiffs on January 3, 2014, well within the forty-five-day timeframe. Plaintiffs' remaining arguments were dispatched by Judge Miller as legally inconsequential in light of the overwhelming, uncontested evidence of wrongdoing by plaintiffs. Judge Miller upheld the determination

of the Hearing Officer and dismissed plaintiffs' complaints with prejudice.

### III

On appeal, plaintiffs argue Judge Miller erred: (1) when he found that the administrative charges were filed within forty-five days in compliance with the Attorney General's Internal Affairs Investigation Guidelines; and (2) in denying their motion to compel discovery of the entire Spicuzzo file. In addition, Jarema argues the judge erred in dismissing his common law retaliation claim based on Pierce and in failing to consider the collective bargaining agreement and any rights that may be afforded to him under it.

In the Law Division, a judge reviews a local agency's decision to determine whether it is arbitrary, capricious or unreasonable. The party challenging the decision has the burden to prove the action was not valid. Cell S. of N.J. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81-82 (2002). When the Law Division employs the proper standard, our review is limited to determining whether that standard was properly applied. ERG Container Servs., Inc. v. Bd. of Chosen Freeholders, 352 N.J. Super. 166, 173-74 (App. Div. 2002); R. 4:69-7. We likewise defer to the municipality's broad discretion and reverse only if the municipal action was arbitrary, capricious or unreasonable. Cell S. of N.J., 172 N.J. at 81.

A-5250-14T3

With these principles in mind, we affirm substantially for the reasons expressed by Judge Miller in his well-reasoned and comprehensive letter-opinions dated June 12, 2015.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION